CITY OF LOUISVILLE *v.* CHAMBERS *et al.*

(En Banc. April 28, 1941.)

[1 So. (2d) 771. No. 34555.]

834

**E. M. Livingston** and **Chas. D. Fair**, both of Louisville, for appellant.

**Rodgers & Prisock**, of Louisville, and **Chambers & Trenholm**, of Jackson, for appellees.

**Anderson, J.,** delivered the opinion of the court.

Appellees who are lawyers filed their bill in the chancery court of Winston County against appellant the City

of Louisville to recover a balance of $3,167.50 which they claimed was due them by the city for their professional services in and about the refunding of the bonded indebtedness of the city. The city answered denying the material allegations of the bill and making its answer a cross-bill by which it sought to recover back payments already made the appellees by it under the contract of employment. The cause was heard on the pleadings and evidence, oral and written, resulting in a decree for appellees for the amount sued for. From that judgment the city appeals.

The outstanding bonded indebtedness of the city was $468,837.77. The refunding proceedings were instituted and carried on under Chapter 143 of the Acts of 1934. Section 4 of that act authorized, among other things, the refunding whether the bonds were due or would become due in the future, and without an election. The contract of employment between the city and the appellees was in writing and provided for a cash payment of $1,000 and a contingent fee of a certain per cent of the amount of the bonds if refunded bearing as low interest as 5%. The bonds to be refunded bore from 5% to 6%. At the time of the contract of employment there was in the city treasury $10,448 "bond and interest funds." The absolute fee of $1,000 was paid out of these funds, and later $2,750, a part of the contingent fee, was paid out of those funds, leaving a balance due on the contingent fee the amount sued for and for which judgment was rendered. The refunding saved the city in interest something like $3,000 per year during the life of the refunding bonds.

The city defended and sought to recover back the payments made upon the ground that the contract of employment violated Section 5979 of the Code of 1930. That section provides, among other things, that no warrant shall be issued or indebtedness incurred by any municipality unless there is sufficient money in the particular fund from which the allowance is or must be made to pay such warrant or indebtedness. The city contends

that it had no right under the law to make the payments out of the bond and interest funds. Granting the contention for argument's sake, we are of opinion that under the law the city had the right to incur the obligation regardless of whether there were any funds in the treasury at the time to satisfy it or not. The provision of Section 5979 referred to has no application to an indebtedness of this character. In Tucker Printing Co. v. Attala County, 171 Miss. 608, 158 So. 336, the Court held that it had no application to outstanding obligations of a county which the law made it mandatory on the county to pay. Choctaw County v. Tennison, 161 Miss. 66, 134 So. 900, involved outstanding obligations of the county for the payment of which it sought to issue bonds under Section 5977 of the Code of 1930. The outstanding obligations were courthouse expenses, officers' salaries and expenses, and other indebtednesses imposed by positive statute. The Court held that Section 5979 of the Code had no application. Town of Magee v. Mallett, 178 Miss. 629, 174 So. 246, although not directly in point, has a bearing on the question. Although Section 4 of Chapter 143 of the Acts of 1934 does not make the issuance of refunding bonds mandatory in express terms, nevertheless we think it is mandatory where it applies. To illustrate: A municipality has an outstanding bonded indebtedness of $500,000 due or to become due. There are no funds in the treasury to discharge either principal or interest. The bonds bear six per cent. The bond market is such that refunding bonds can be sold running twenty years at 5% —a saving of 1%, which amounts to $5,000 a year, and in twenty years, $100,000. Would it be mandatory on the municipal authorities under those conditions to refund the bonds? We think so; and that means of course they would be authorized to incur the necessary expenses to do so, including reasonable counsel fees.

The city contends further that even though the contract of employment was authorized by law, the fee provided for is exorbitant and unreasonable. This was an

issue of fact found against the city by the chancellor. His finding was supported by substantial evidence and therefore should not be disturbed.

The other questions in the case are not of sufficient merit to require a discussion.

Affirmed.