OWNBY *v.* PRISOCK

No. 42173          February 26, 1962  ·          138 So. 2d 279

*Harmon W. Broom,* Jackson, for appellant.

*Forrest B. Jackson,* Jackson, for appellee.

ARRINGTON, J.

The appellee, Lee V. Prisock, complainant below, filed bill of complaint against Mrs. Elva I. Ownby and the Jackson Broadcasting Company, Inc. A final decree was entered for the appellee, from which decree the appellant, Mrs. Ownby, appeals.

The appellee, Prisock, an attorney at law, in his bill of complaint, averred that Mrs. Ownby was indebted to him for attorney's fees for services rendered her in litigation with her husband, which involved separate maintenance, divorce, and property settlement. A contract of employment was entered into by the respective parties on a contingent fee basis whereby appellee was to receive a twenty-five percent interest of said property settlement. Subsequently a divorce was obtained and a property settlement duly made and the appellant refused to pay his fee according to the contract. The bill also sought injunctive relief.

The appellee averred that he had performed valuable services for the appellant for more than one year, incurring much time and expense; and for such services rendered and results obtained he was entitled to a reasonable attorney's fee; in the alternative, he prayed that if the contract be held unenforceable that he be allowed a reasonable fee for his expenses and services on a quantum meruit basis, and for general relief.

The appellant filed various motions, pleas, demurrer and answer. The demurrer was overruled and the case heard on the merits. The chancellor held that the contract was unenforceable but that appellee was entitled to a reasonable attorney's fee of $2800 on a quantum meruit basis.

The sole question presented on this appeal is: Can the appellee recover a reasonable fee for services rendered on a quantum meruit basis where the contract on a contingent fee basis is held to be void?

In the case of Re Estate of Sylvester, Deceased, C. J. Roten, Admr., etc. v. Edward S. Tesdell, et al., 30 A.L.R. 180, the court held that an illegal contract between attorney and client for a contingent fee for securing a divorce for the client does not bar the attorney's right to recover on a quantum meruit for services rendered.

The annotation to this case begins on page 188 of 30 A.L.R., and the general rule is there stated as follows:

"General rule. A contract for the payment of a fee to an attorney, contingent upon his procuring a divorce for his client or contingent in amount upon the amount of alimony to be obtained, is void as against public policy."

The appellant cites the case of Jordan v. Westerman (1886), 62 Mich. 170, 28 N.W. 826. The appellee relies upon a later Michigan case, McCurdy v. Dillon (1904), 135 Mich. 678, 98 N.W. 746, in which it is stated: "Where an attorney made an agreement with a wife to represent her in a divorce suit against her husband, for a proportion of the amount she should recover in that suit, and as attorney for her in an action against him for assault and battery, for a percentage of what she should recover in that suit, it was held that the contracts were both void as against public policy, but that the attorney was entitled to recover what his services were reasonably worth."

Other cases cited in the annotation are to the same effect and hold that although a contract on a contingent fee basis is void as against public policy, an attorney is entitled to a reasonable fee for his services.

In 5 Am. Jur., Attorneys at Law, Section 178, page 367, it is stated: "It is generally held that an attorney undertaking to procure a divorce under an illegal contract, basing his right to recovery upon the contingency of obtaining the divorce, may recover the value of his services upon a quantum meruit, although no recovery can be had on a quantum meruit for an attorney's services under a contract to obtain evidence and secure a divorce."

In Fitzpatrick, et al. v. Kellner, 187 Miss. 843, 193 So. 911, with reference to contingent fee contracts, this Court held that if the contract is shown to have been

obtained by fraud, mistake, or undue influence, if it is so excessive in proportion to the services to be rendered as to be in fact oppressive or extortionate, if the attorney suppresses the facts of the case, or if he uses any unfairness in securing it, the contract will be held invalid. The Court held that while there could be no recovery on the contract, there was no fraud on the part of the attorney, that his conduct was evidenced by good faith, and that there was a mutual mistake of facts between the parties; that appellee ''is entitled to a reasonable compensation for the services he rendered appellants; that they were valuable services; they consisted of preserving the property from forfeiture for taxes and necessary counsel in other respects.''

The chancellor in this case heard the facts, which were voluminous, and held that the appellee rendered valuable services to the appellant and that he has not been paid therefor.

In the case of City of Louisville v. Chambers, 190 Miss. 833, 1 So. 2d 771, the Court held that the reasonableness of an attorney's fee for services rendered in connection with a matter was for the chancellor to determine and the finding of the chancellor if supported by substantial evidence would not be disturbed on appeal. We are of the opinion that the chancellor was correct in his findings, and the decree is therefore affirmed.

Affirmed.

*McGehee, C.J.*, and *Kyle, Ethridge* and *Rodgers, JJ.*, concur.