PATTERSON, Justice:
This is an appeal by Jettie Butts Horton from a decree of the Chancery Court of Washington County wherein she was granted a divorce, but denied alimony, from Sheldon Horton.
The primary issue before the Court is one of alimony and to a lesser degree attorneys’ fees.
Jettie and Sheldon Horton were married in December of 1932 and lived together as husband and wife for 27 years before their separation. There were four children born to this marriage union, all of whom are now emancipated and are not a part of this suit.
The record reflects that in 1935 the appellant and the appellee erected a house on 160 acres of land in Washington County which had been purchased on credit terms by the appellee. The house consisted of four rooms without modern conveniences other than electricity. The Hortons farmed this land for approximately 15 years during the early period of their marriage. In 1950, however, financial problems forced the appellee to sell his farm implements and obtain employment as a pipeline construction worker. This employment required him to travel all over the United States and necessitated his absence from home for three to five months of each year.
In 1958 the appellant sought to accompany her husband to the state of Michigan where he had employment. This offer of the appellant was adamantly refused by the appellee inasmuch as he threw her suitcase from his truck. Thereafter, the appellee did not return to his home and the parties have not lived together since. In 1959 Mrs. Horton again attempted to resume the marital relation and journeyed to Owashie, Michigan to live with her husband. The appellee again refused to live with her and furnished return transportation to their former home in Mississippi.
The record unequivocally indicates, and the appellee makes no attempt to repudiate, that in 1959 he began an adulterous relation with one Mary Williams and has continued to live with her to this time. As a result of this relationship Jerry Wayne Horton was born and presently lives with the appellee and his mistress in Louisiana.
*349 After the separation, the appellee at intervals sent small amounts of money to his wife, but discontinued this practice in 1961 when he charged that she refused to accept one of his checks. The appellant denied such refusal and asserts that necessity required her to leave their four-room rural home and move to Greenville, Mississippi, in order to support herself by working as a clerk in a dime store. She is presently employed by Greenville Mills and has accumulated over the years an automobile, various pieces of furniture and approximately $2000 in savings. The appellee, though previously gainfully employed, has been partially incapacitated for the past two years by a heart attack, thus reducing his income. The record discloses little wealth on his part other than the 160 acres of land situated in Washington County.
At the conclusion of the evidence, the trial court granted the appellant a divorce without stating the grounds therefor although the amended bill of complaint charged both desertion and adultery on the part of the defendant. Alimony was denied the appellant. The reasons for the denial are not specified though it appears to us from the entire record that it was based upon the appellant’s present ability to support herself at a time when the ap-pellee’s earning capacity has been impaired by a heart attack. It is also urged by appellant’s counsel that the denial of alimony was occasioned by the existence of a contingent fee contract between the appellant and her attorneys.
There is an abundance of unequivocal and uncontradicted evidence to support a decree of divorce to the appellant upon both desertion and adultery. This portion of the decree is not challenged, leaving for resolution the question of whether alimony should have been granted under the facts, circumstances and nature of this case.
Mississippi Code 1942 Annotated section 2743 (1956) provides in part as follows :
When a divorce shall be decreed from the bonds of matrimony, the court may, in its discretion, having regard to the circumstances of the parties and the nature of the case, as may seem equitable and just, make all orders . . . touching the maintenance and alimony of the wife, or any allowance to be made to her . . . . (Emphasis added.)
It is apparent from the emphasized portion of this section that the determination of permanent alimony is within the sound discretion of the chancellor and is governed by the surrounding facts and circumstances of each case. The chancellor’s opinion will of course not be disturbed unless it appears from the record that it is manifestly wrong or an abuse of judicial discretion. Pickering v. Pickering, 51 So.2d 740 (Miss.1951).
In considering the long marriage of the parties, the conduct accorded the appellant by her husband, the admission of adultery in open court on his part, as well as the ages of the parties, including the likelihood of unemployment by reason thereof, we can only conclude that the chancellor was manifestly wrong in not granting the appellant alimony.
The evidence discloses that the appellant and her attorneys have entered into a contingent fee contract for the payment of their fees. The attorneys concede this arrangement to be a mistake and now request an award of fees on a quantum mer-uit basis. In Avant v. Whitten, 253 So.2d 394 (Miss.1971), contingent fee contracts conditioned upon obtaining a divorce were declared to be against public policy. This is in accord with the previous case of Owenby v. Prisock, 243 Miss. 203, 138 So.2d 279 (1962). We there decided an attorney was entitled to recover on a quantum mer-uit basis where the contingent fee contract was the result of a mistake and was evidenced by good faith. There is before us no indication of bad faith relating to the fee. We are of the opinion, therefore, that the attorneys are entitled to receive a fee for their services in the lower court upon a *350 quantum meruit basis and when this fee be determined, that it be supplemented by one-half of its sum for services in this Court on appeal.
It appearing from the record that the alimony and attorneys’ fees hereby directed to be paid will be difficult, if not impossible, to collect due to the nonresiden-cy of the appellee, it is directed that a lien be imposed upon the real property of the appellee in this state to secure such payments. The cause is reversed and remanded to the Chancery Court of Washington County for an award of alimony to be paid, in the discretion of the chancellor, at intervals or in lump sum and for the determination of attorneys’ fees as above detailed, such payments to be secured as mentioned.
Reversed and remanded.
GILLESPIE, C. J., and SMITH, ROBERTSON and SUGG, JJ., concur.