GILLESPIE, Chief Justice:
This is an appeal from the Chancery Court of Washington County under the provisions of Mississippi Code Annotated 1972 section 11-1-17, which provides that when a chancellor takes a case under advisement and six months expires without a decision, either party may appeal.
This is the second appearance of this case. Jettie Butts Horton (Mrs. Horton) sued her husband, Sheldon O. Horton (Mr. Horton) in the Chancery Court of Washington County for divorce and alimony. The chancellor granted the divorce but denied alimony and Mrs. Horton appealed. This Court reversed that part of the decree denying Mrs. Horton alimony and remanded the case to the trial court “for an award of alimony to be paid, in the discretion of the chancellor, at intervals or in a lump sum and for the determination of attorneys’ fees . . . ,” such award to constitute a lien on the real property of Mr. Horton. Horton v. Horton, 269 So.2d 347 (1972). A full hearing was had upon remand and on June 2, 1973, the court entered an order taking the case under advisement for rendition of a decree in vacation. When the trial court failed to decide the case within six months, Mrs. Horton filed a petition for appeal under the provisions of Code section 11-1-17.
Upon failure of the trial court to follow the mandate of the previous opinion of this Court, Mrs. Horton had a right to appeal under the statute, and it becomes the duty of this Court to carry out its own mandate and (1) award alimony to be paid in the discretion of this Court at intervals or in a lump sum; (2) award a reasonable attorneys’ fee for Mrs. Horton’s attorneys, and (3) make such awards a lien upon the lands belonging to Mr. Horton.
The former opinion contains the factual background necessary to an understanding of this case. Upon remand additional testimony was taken. It now appears that Mr. Horton still has heart trouble and is unable to work. Mary Williams, with whom Mr. Horton has lived for a number of years and who is the mother of his son, is now dead. Mr. Horton’s son by Mary Williams is now about fifteen years old. Mr. Horton’s property consists of 160 acres of land in Washington County which *307 has a ready fair market value of $52,000. He owns a trailer home and two lots in Louisiana. His income consists of monthly Social Security disability benefits of $242.-20 and annual rental of $2,200 from the Washington County lands. He pays taxes of about $500 per year on the 160 acres of land. Mr. Horton also has a few hundred dollars in the bank. At the time of the May 1973 hearing, he was receiving $70 per week unemployment compensation. Such payments have now terminated.
Mrs. Horton has been employed for a number of years at Greenville Mills. Her gross earnings for 1972 were $4,674.62. She has bought a trailer home with a down payment of $1,000. She owes approximately $5,000 on her trailer with monthly payments of $92.79. At the time of the trial she had savings and checking accounts with balances of $1,369.92 and $198 respectively. She has a 1967 Plymouth Valiant automobile which she uses to go to and from work. She spends substantially all her income for necessary living expenses. Her health is in “fair condition” and she is able to continue working. Mr. Horton is 62 years of age; Mrs. Horton is 58.
Taking into consideration all of the facts and circumstances of this case and after carefully considering the needs, responsibilities and health of both parties, we have concluded that a lump suni alimony payment of $15,000 is an equitable disposition of the matter. Due to the present economic conditions Mr. Horton may pay the said sum of $15,000 at any time, at his option, within twelve months after the judgment of this Court making this award becomes final. In the event said sum is paid within thirty days, there shall be no interest liability on the part of Mr. Horton. If the sum is not paid within thirty days, Mr. Horton shall pay to Mrs. Horton interest at the rate of six per cent per an-num, beginning thirty days from the date this judgment becomes final, said interest to be paid monthly.
This Court must also determine the amount of attorneys’ fees. Mrs. Horton’s attorneys have spent approximately 155 hours on this case and have incurred expenses, including travel, of $376.74. Mrs. Horton is awarded the sum of $2500 as attorneys’ fees.
The judgment of this Court will be entered in favor of Mrs. Horton in accordance with the foregoing opinion. The award of alimony and attorneys’ fees herein made shall constitute a lien upon the lands of Mr. Horton situated in Washington County, Mississippi. Therefore, the trial court is reversed and judgment is entered here in accordance with this opinion.
Reversed and rendered.
PATTERSON, INZER, WALKER and BROOM, JJ., concur.