182 N.J. Super. 322 (1981)
440 A.2d 1168
GERARD PACILLO AND VICKIE PACILLO, PLAINTIFFS,
v.
HARRIS MANUFACTURING COMPANY, BENBOW MACHINE COMPANY, DEFENDANTS, AND HARRIS MANUFACTURING COMPANY, THIRD-PARTY PLAINTIFF,
v.
LITHO MASTERS, INC., AND INSURANCE CO. OF NORTH AMERICA, THIRD-PARTY DEFENDANTS.
Superior Court of New Jersey, Law Division Bergen County.
Decided December 8, 1981.
*323 Rocco William Lo Piano, for plaintiffs.
No appearance was required on behalf of any of the remaining parties.
SIMPSON, A.J.S.C.
This is an application under R. 1:21-7(f) for approval of an attorney's fee in excess of the contingent fee allowable pursuant to R. 1:21-7(c). Plaintiff lost his right hand at the wrist in an industrial accident. The worker's compensation lien to date is $33,773.71 for temporary disability benefits and $32,955.24 medical expenses  totaling $66,728.95. The products liability action was settled for $270,000 plus waiver of reimbursement of the compensation lien. The settlement was facilitated by plaintiff's agreement to forego any future worker's compensation benefits and the fact that one of defendants' liability insurance carriers was also the worker's compensation carrier.
Plaintiffs' counsel seeks a fee of $87,666, calculated as a flat one-third of the $270,000 less "costs and expenses" of $7,000 (or one-third of $263,000). Counsel agreed to absorb the cost of all actual disbursements, which were $5,232.44 when itemized. Plaintiffs Gerard and Vickie Pacillo have consented to the requested fee. I find that $65,211.43 is allowable under R. 1:21-7(c), but further determine that pursuant to R. 1:21-7(f) $71,256.19 is "a reasonable fee in light of all the circumstances." Disbursements of $5,232.44 may be reimbursed counsel also, for a total of $76,488.63. Plaintiffs signed no retainer agreement, but discussed the provisions of R. 1:21-7 with their counsel.
*324 The record reflects full preparation for trial of a difficult products liability case. A mistrial followed one day of testimony, and a full day of negotiations led to settlement of the case when reached for trial a couple of weeks later. An excellent result was obtained, as confirmed by the trial judge, and the clients were completely satisfied with counsel's efforts. A full trial was avoided, however, and the settlement precluded any appeals. For attorney's fee purposes, the case falls somewhere between the situations reported in Murphy v. Mooresville Mills, 132 N.J. Super. 197 (App.Div. 1975), certif. den. 68 N.J. 156 (1975), and Bolle v. Community Memorial Hosp., 145 N.J. Super. 593 (App.Div. 1976), certif. den. 74 N.J. 275 (1977). It is also preferable that any allowance pursuant to R. 1:21-7(f) be provided by adjustment of R. 1:21-7(c) percentages rather than by way of an undetailed flat figure or percentage. Merendino v. F.M.C. Corp., 181 N.J. Super. 503 (Law Div. 1981).
N.J.S.A. 34:15-40 imposes a lien in favor of an employer or his worker's compensation carrier against the proceeds of a third-party recovery obtained by an injured worker. The lien secures reimbursement of medical expenses incurred and compensation payments paid to the employee, less the lienor's share of "attorney's fee" not in excess of 33 1/3% thereof, plus "expenses of suit" not in excess of $200. The employer's share of attorney's fee is computed on the amount actually paid to settle the liens. Dowd v. Law and Public Safety Dep't, 153 N.J. Super. 439 (App.Div. 1977). The rules as to calculation of attorneys' fees under R. 1:21-7(c), and the effect of compensation lien reimbursements and "attorney's fee" and "expenses of suit" offsets pursuant to N.J.S.A. 34:15-40, are synthesized in McMullen v. Maryland Cas. Co., 127 N.J. Super. 231 (App.Div. 1974), aff'd 67 N.J. 416 (1975). Specifically, it was there noted that:
4. Where the third-party recovery equals or exceeds the total compensation exposure, the amount of the lien on which the fee is calculated is the total compensation exposure of the lienor on account of the injury or death and not merely the amount of workmen's compensation paid to the date of third-party recovery. [at 235]
*325 It has also been determined, in Owens v. C & R Waste Material, 76 N.J. 584 (1978), that the computation of the employer's pro rata share of the attorney's fee in a third-party recovery should be based on the potential compensation liability from which the employer has been released and does not depend on the happenstance of whether such liability might terminate prematurely. Furthermore, the employer is not entitled to have the liability discounted to reflect present value.
Although the principles of McMullen and Owens are instructive, the three situations in those cases involved death dependency or total and permanent disability, and determinations thereof by the Division of Worker's Compensation. In the present case only medical expenses and temporary disability payments have been incurred. From the information supplied this court it is unlikely that a 100% permanent total disability award could have been obtained. 100% of the hand, or 230 weeks at $40, certainly could have been recovered and, perhaps, also a percentage of partial total for neuropsychiatric. But these possibilities were inextricably involved with the third-party settlement that included a complete waiver of reimbursement of the compensation lien to date, as well as contribution of a portion of the $270,000 cash settlement. Under these circumstances, the attorney's fee calculations under R. 1:21-7(c) or (f) may take into account the actual amount of compensation liens waived (with appropriate offsets for determinable expenses of suit and employer's contribution to attorney's fee) and disregard the relatively insignificant waiver of future worker's compensation benefits. Accordingly, the R. 1:21-7(c) calculations are:

I. Aggregate net sum pursuant to R. 1:21-7(d)
 Cash settlement in third-party action $270,000.00
 Worker's compensation liens waived 66,728.95
 ___________
 336,728.95
 Less: Disbursements 5,232.44
 ___________
 331,496.51
*326 Less: N.J.S.A. 34:15-40 offsets:
 Expenses of suit $ 200.00
 Attorney's fee:
 33 1/3% x $50,000.00 16,666.67
 25% x 16,728.95 4,182.24 21,048.91
 __________ _______________________________________
 Totals $66,728.95 $310,447.60
II. Maximum contingent fee under R. 1:21-7(c)
 (1) N.J.S.A. 34:15-40 limit 33 1/3 $ 1,000.00 $ 333.33
 (2) N.J.S.A. 34:15-40 limit 33 1/3 2,000.00 666.67
 (3) Rule limit 33 1/3 47,000.00 15,666.67
 (4) Rule limit 25% 50,000.00 12,500.00
 (5) Rule limit 20% 150,000.00 30,000.00
 (6) Rule limit 10% 60,447.60 6,044.76
 ___________ __________
 Totals $310,447.60 $65,211.43

Just as in Merendino, supra, the 10% fee limitation for amounts recovered over $250,000.00, under R. 1:21-7(c)(6), provides inadequate compensation in a matter such as this. R. 1:14 makes the Disciplinary Rules of the Code of Professional Responsibility of the American Bar Association, as amended and supplemented by the Supreme Court, applicable to all New Jersey lawyers. DR 2-106(A) provides "Guides in Determining the Reasonableness of a Fee," and the last of eight "factors to be considered" is "whether the fee is fixed or contingent." R. 1:21-7(e), however, states that "In all cases contingent fees charged or collected must conform to DR 2-106(A)." It follows that the seven factors to be considered as guides in determining fee reasonableness permit differentiation in the case of a contingent fee. In the case of a fixed fee, value judgments as to the seven factors are subject to Fee Arbitration Committee Review pursuant to DR 2-106(B) and R. 1:20A. Where a contingent fee is involved, and an increase beyond the R. 1:21-7(c) percentages is sought, the application is to the Assignment Judge.
This application is basically a request for permission to charge, with the consent of the client, a flat 33 1/3% of the aggregate net recovery (excluding the effect of the worker's compensation lien *327 waived)  as was typically charged in tort cases in New Jersey prior to the original adoption of the court rule effective September 13, 1971. The history of judicial control of contingent fees is traced in American Trial Lawyers Ass'n v. N.J. Supreme Ct., 126 N.J. Super. 577 (App.Div. 1974), aff'd 66 N.J. 258 (1974), and the presumed reasonableness of the R. 1:21-7(c) percentage limitations noted. The reducing percentages of allowable fees on incremental portions of increasing amounts of net aggregate recovery doubtless are designed to prevent unearned windfalls and in recognition of economies of scale generally applicable to law office management. For the reasons set in Merendino, supra, as to attainment of the maximum aggregate marginal benefit for both the client and the attorney, I believe the 10% fee limitation on recovery over $250,000 is inadequate. DR 2-106(A) factors (1) skill requisite to perform the legal service properly, (4) the amount involved and the results obtained and (7) experience reputation, and ability of the lawyer  also support an increase in the R. 1:21-7(c)(6) percentage in this case. On the other hand, the risks of trial were avoided, there was no appeal and no novel question of law was involved. On balance, an increased fee from 10% to 20% of the $60,447.60 portion of the recovery subject to the R. 1:21-7(c)(6) percentage limitation is warranted. This amounts to $6,064.76 for a total fee of $71,256.19, and Schedule II above is so modified for this case pursuant to R. 1:21-7(f), plus disbursements of $5,232.44.
So ordered.