Michael **DONAGHY** and Esther Donaghy, Plaintiffs,

v.

John J. **NAPOLEON**, D. O., et al., Defendants.

Civ. A. No. 79–275, 79–3200.

United States District Court, D. New Jersey.

April 14, 1982.

Edward J. Brady, Haddonfield, N. J., and Albert S. Fein, Fein & Grady, Philadelphia, Pa., for plaintiffs.

## OPINION

BROTMAN, District Judge.

This medical malpractice case, wherein jurisdiction is founded on diversity of citizenship, 28 U.S.C. § 1332, is now before the court on application for approval of attorneys' fees, and for an order permitting the disbursement of a fund created in behalf of the plaintiffs by their counsel. In cases such as this, the court is bound by Rule 1:21–7 of the Rules Governing the Courts of the State of New Jersey (Gann 1982). The settlement which has been reached among the parties was set forth on the record on March 30, 1982. A copy of the document embodying the settlement has been appended to the instant application for approval of attorneys' fees as Exhibit B.

The settlement calls for an initial payment of $325,000.00 in cash for the benefit of plaintiffs, along with periodic and lump sum payments in later years which are expected to amount to $1,325,000. (Application; Exhibit A, Affidavit of Albert S. Fein, Esquire). The court is informed that Albert S. Fein, Esquire (of the Pennsylvania Bar), attorney for plaintiffs, incurred

costs of $24,430.72 in the prosecution, and that Edward J. Brady, Esquire (of the New Jersey Bar), local counsel for plaintiffs, incurred costs of $248.00. It has also been determined that plaintiffs will be required to pay $10,000.00 to the Commonwealth of Pennsylvania as reimbursement for benefits received under the Commonwealth's Medical Assistance Program. (Exhibit D, Affidavit of Albert S. Fein, Esquire).

Mr. Fein has informed the court that he entered into a contingent fee arrangement in the Commonwealth of Pennsylvania, where plaintiffs reside and where their counsel maintains his office, calling for a payment of one-third (33⅓%) of any recovery. (Exhibit C, Affidavit of Albert S. Fein, Esquire). This court, however, is required to disregard that contingent fee agreement, and may only permit the disbursement of a fee which is within the limits established by N.J. Court Rule 1:21–7. *Elder v. Metropolitan Freight Carriers, Inc.*, 543 F.2d 513 (3rd Cir. 1976). The Rule permits an attorney's fees to be calculated as a percentage of the recovery gained by the plaintiffs. That amount is fixed by paragraph (c) of the Rule, as will be explained below, and may be adjusted in accordance with paragraph (f) of the Rule if "at the conclusion of a matter an attorney considers the fee permitted by paragraph (c) to be inadequate. . . ." Rule 1:21–7(f).

In determining the amount of the recovery on which the fee is to be based, the court must calculate the fair market value—or the present cost—of the settlement fund. Of course, when a settlement calls for a single cash payment, there is no difficulty in determining the recovery amount. When the parties establish a "structured settlement," as in this case, then the recovery amount cannot be determined solely by reference to the aggregate amount of expected cash payments to be made in the future. Rather, the court is required to establish the present value of the settlement fund out of which future payments are to be made. The reasons for this approach are explained in *Merendino v. FMC*

*Corporation*, 181 N.J.Super. 503, 509–10, 438 A.2d 365 (Law Div. 1981).

At no time during the course and conclusion of settlement discussions were plaintiffs and their counsel advised of the actual present cost of the annuity and balloon payments. Once the case settled, the court obtained from defense counsel the annuity cost figure, which was $212,400.00.

It is to be noted that all the periodic payments are fixed and guaranteed with appropriate survivorship provisions in the event Michael Donaghy dies before receiving all the monthly or balloon payments. Under these circumstances, it is believed that all of the payments will be received free of federal income taxes. *See Merendino v. FMC Corporation, supra*, 181 N.J.Super. 507 n.1, 438 A.2d 365.

■ The total cash payments will be $1,650,000.00, but the present cost of the package was $537,400.00, comprised of $325,000.00 cash "up front" and the $212,-400.00 cost of the annuity funding the monthly and balloon payments. As stated by Judge Arthur J. Simpson, Jr., in *Tobias v. Autore*, 182 N.J.Super. 328, 330, 440 A.2d 1171 (Law Div. 1982), "in a 'structured settlement' the total actual cost is the proper basis upon which to calculate attorneys' contingent fees." The "up front" cash of $325,000.00, plus the cost of the annuity and balloon payments of $212,400.00, or $537,-400.00, constitute the total actual cost. Counsel have requested a flat fee of $161,-000.00 ($155,000.00 to Albert S. Fein, Esquire and $6,000.00 to Edward J. Brady, Esquire) plus disbursements of $24,678.72 ($24,430.72 to Albert S. Fein, Esquire and $248.00 to Edward J. Brady, Esquire). For purposes of computing the contingency fee, the disbursements plus the $10,000.00 medical reimbursement to the Commonwealth of Pennsylvania must be subtracted, leaving a net recovery amount of $502,721.28 from which the court may calculate the permissible amount. *Pacillo v. Harris Manufacturing Co.*, 182 N.J.Super. 322, 440 A.2d 1168 (Law Div. 1981).

The fee as requested by plaintiff's counsel would constitute 29.96% of the total recovery, or 31.22% of the net sum recovered calculated in accordance with R. 1:21–7(d), and being $161,000.00/$537,400.00—$34,678.72. The maximum fee permitted by R. 1:21–7(c) is $84,738.80 or 16.856% of the net sum recovered ($502,721.28) and is calculated as follows:

| | R. 1:21–7(c) | | % | | on | |
|---|---|---|---|---|---|---|
| (1) | First | $ 1,000.00 | 50 | | $ 1,000.00 | $ 500.00 |
| (2) | Next | 2,000.00 | 40 | | 2,000.00 | 800.00 |
| (3) | Next | 47,000.00 | 33⅓ | | 47,000.00 | 15,666.67 |
| (4) | Next | 50,000.00 | 25 | | 50,000.00 | 12,500.00 |
| (5) | Next | 150,000.00 | 20 | | 150,000.00 | 30,000.00 |
| (6) | Over | 250,000.00 | 10 | | 252,721.28 | 25,272.13 |
| | | | | | $502,721.28 | $84,738.80 |

The total amount of settlement was placed on the record and both plaintiffs agreed to the same and the requested attorneys' fees. Mr. Fein during his presentation to the court referred to his voluminous time records noting an expenditure of 977 hours. Reference was also made to Mr. Brady's affidavit indicating an expenditure of 142 hours.

Mr. Fein in his affidavit of services sets forth three alternate methods of computation of the legal fees as follows:

a. One-third of total recovery of $1,650,-000.00 pursuant to his contingent fee agreement with plaintiffs, or $550,-000.00 plus costs.

b. Under R. 1:21–7(c), whereby plaintiffs' counsel would be entitled to $71,166.00 with respect to the first $250,000.00 and ten (10%) percent of the remaining $1,400,000.00 or a total fee of $211,166.00 (based on $1,650,-000.00 total recovery including annuity).

c. One-third of the minimum cash guarantees which could be no less than $900,000.00, and by terms of the Pennsylvania Contingent Fee Agreement would result in a fee of $300,000.00, or under the New Jersey Rule, not less than $126,000.00.

Mr. Fein, after reviewing the above alternatives, then refers to the hours he expended, applies a minimum rate of $150.00 per hour and arrives at a minimum figure of $146,570.00. He also refers to the request of Edward J. Brady, Esquire, local counsel, of $6,000.00. He then concludes by his request of counsel fees for himself of $155,000.00 and for Mr. Brady of $6,000.00, making total counsel fees of $161,000.00.

In determining a "reasonable fee in light of all the circumstances" pursuant to R. 1:21–7(f), there are a number of factors to be considered. Seven factors are listed in DR 2–106(a) and are made specifically applicable to contingent fees by R. 1:21–7(e). These guides are helpful in evaluating increased fee applications.

The court has reviewed the factors enumerated in DR 2–106(a). Counsel are experienced, possess the legal skills required and do have a reputation in the area of the law involved in this case. An excellent result was obtained for plaintiffs in this case through the use of the structured form which because of its very nature presents a difficult basis on which to predicate counsel fees. To penalize counsel for use of this structured form and the excellent result obtained therefrom would discourage attorneys from pursuing this method of settlement.

Through the structured format, the plaintiffs have achieved protection against the future with a minimum of risk, together with valuable tax benefits. Entitlement to attorney fee allowances in excess of that allowance pursuant to R. 1:21–7(c) is warranted.

In Tobias, supra, Judge Simpson follows Merendino, supra, by readjusting the percentages otherwise allowable under R. 1:21–7(c) rather than simply allowing a flat figure without indicating the method of calculation. This court has been involved in many of the conferences and settlement negotiations among the parties, and has had the opportunity personally to observe counsels' services. The court also notes that this case was resolved without the necessity of actual trial.

Since the court by virtue of Elder, supra, applies R. 1:21–7(c), it should also follow the New Jersey decisions as set forth in Tobias, supra, and Merendino, supra. This court believes that the 10% maximum under R. 1:21–7(c)(6) is inadequate to properly compensate counsel. Accordingly, that percentage is increased to 20% in this case for an increase of $25,272.13 and a total attorneys' fee of $110,010.93. This sum represents 68.33% of the total fee of $161,000.00 requested by counsel, and shall be divided as follows:

| Albert S. Fein, Esquire | — $105,911.50 fee together with disbursements of $24,430.72 |
| Edward J. Brady, Esquire | — $4,099.43 fee together with disbursements of $248.00 |

The division of fees between counsel is in proportion to that which was requested in the application.

The court also orders medical reimbursement to the Commonwealth of Pennsylvania in the amount of $10,000.00.