ANNA MAGRIPLIS, PLAINTIFF, v. MR. BAR–B–Q, DEFENDANT, THIRD PARTY PLAINTIFF, v. CONTINENTAL CAN COMPANY OF CANADA, LTD., AND LINWO INDUSTRIES LTD., A CANADIAN CORPORATION, THIRD PARTY DEFENDANTS, v. CONTINENTAL GROUP OF CANADA, THIRD PARTY DEFENDANT FOURTH PARTY PLAINTIFF, v. REIKE CANADA LTD. AND STUHL ENGRAVING COMPANY, FOURTH PARTY DEFENDANTS.

Superior Court of New Jersey
Law Division Bergen County

Decided July 2, 1984.

*Barry Epstein,* attorney for plaintiff.

No appearances required by any of the remaining parties.

SIMPSON, A.J.S.C.

This is an application under *R* 1:21–7(f) for an increased attorney's fee allowable under a contingent-fee agreement signed January 28, 1981. The agreement reflects the maximum allowable percentages of portions of the recovery as permitted by *R.* 1:21–7(c) prior to the amendment thereto effective January 16, 1984.

■ Counsel seeks a flat one-third of the gross recovery of $120,000 and will "absorb" the disbursements of $717.55. This is contrary to *R.* 1:21–7(d), but such application is less than one for $33\frac{1}{3}\%$ of the net aggregate recovery of $119,282.45 [1] which would amount to $39,760.82. A counsel fee of $39,760.82 plus disbursements of $717.55 would total $40,478.37 and an allowance can never exceed a noticed request. *Iskander v. Columbia Cement Co.,* 192 *N.J.Super.* 114, 123 (Law Div.1983).

■ The case was a difficult products-liability situation and an excellent settlement was effected after three days of trial. Plaintiff was badly burned when a can of charcoal-lighter fluid exploded as a result of a backed-up flame in the fireplace of her home. The trial judge found no unusual circumstances in the handling of the case, no time records were kept, and the claim of inadequacy cannot be said to be "thoroughly substantial and documented".[2] Plaintiff appears to consent to the application, but she speaks little English and her son assisted on this

---

[1] $120,000.00 less $717.55.

[2] *Pressler, Current N.J. Court Rules,* Comment *R.* 1:21–7(f) (1984).

hearing as best he could in translating her thoughts from Greek. A concurrence is not controlling, in any event, although it is entitled to consideration. *Murphy v. Mooresville Mills,* 132 *N.J.Super.* 197 (App.Div.1975); *Landgraf v. Glaser,* 186 *N.J.Super.* 381 (Law Div.1982). A reasonable fee under the circumstances of this case is that provided for in *R.* 1:21–7(c) and incorporated in the signed retainer agreement.

The gross recovery subject to counsel fee, however, is higher than set forth by counsel in his notice of motion. His certification included additional related legal services in compromising a $42,615 hospital lien for $29,000—so that the net recovery to the plaintiff was increased by $13,615. This amount may be added to the net aggregate recovery of $119,-282.45 for a total of $132,897.45 to which the percentages of *R.* 1:21–7(c) are to be applied. The compromise of this lien is similar to compromise of a worker's compensation lien that increases the recovery and may be included in the base for calculation of a contingent fee. *Pacillo v. Harris Mfg. Co.,* 182 *N.J.Super.* 322 (Law Div.1981). If the hospital lien had not been compromised concurrently with the disposition of this case, the lien would have had to be paid in full on distribution of the settlement proceeds.

Accordingly, calculation of the approved fee is as follows:

| R. 1:21–7(c) | % | On | Totals |
|---|---|---|---|
| (1) | 50 | $ 1,000.00 | $ 500.00 |
| (2) | 40 | 2,000.00 | 800.00 |
| (3) | 33⅓ | 47,000.00 | 15,666.67 |
| (4) | 25 | 50,000.00 | 12,500.00 |
| (5) | 20 | 32,897.45 | 6,579.49 |
| | | $132,897.45 | $36,046.16 |

Disbursements of $717.55 are also reimbursable to counsel, so that the total of counsel fees and disbursements is $36,-763.71. The submitted order has been completed accordingly, and counsel should file copies of all papers on this application with the Administrative Office of the Courts pursuant to *R.* 1:21–7(f).