BANKS, Justice,
dissenting:
Because I believe the majority errs in Part I of its opinion, I dissent.
The majority reasons that Sparkman’s attorneys were contractually obligated to recover payment of his medical expenses from the Mississippi Department of Corrections as part and parcel of their work in recovering against a third party for his injuries. This logic defies reason and is unsupported by any of the authorities cited.
Ordinarily, Sparkman and his estate would be responsible for paying medical bills out of the recovery that he received from a third party. To the extent that the attorneys are able to negotiate a reduction in such bills or payment from another source, not contractually or otherwise obligated to do so, they, through their efforts, increase the overall recovery. See Mississippi State Bar v. Blackmon, 600 So.2d 166 (Miss.1992) (Banks, J., dissenting) citing Magriplis v. Mr. BarB-Q, 196 N.J.Super. 238, 482 A.2d 64 (1984) (Attorney entitled to percentage of negotiated reduction of lien for medical expenses with or without agreement of client.) Pacillo v. Harris Mfg. Co., 182 N.J.Super. 322, 440 A.2d 1168 (1981) (Compromise of Worker’s Compensation lien results in increased fee.) See also, Ownby v. Prisock, 243 Miss. 203, 138 So.2d 279 (1962).
If the $93,000, or even the $125,000 originally billed, is not a part of the “recovery” and therefore subject to the contingent fee agreement, then it must be outside the contract altogether. If that is so, the attorneys would be entitled to compensation on a quantum meruit basis.
DAN M. LEE, P.J., joins this opinion.